**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**


JOE T. WILLIAMS,                                )
                                                )
        Plaintiff,                              )
                                                )
v.                                              )        **Case No. 3:08-cv-0164**
                                                )        **Judge Trauger**
THE CITY OF FRANKLIN, TENNESSEE,                )
JAMES R. JOHNSON,                               )
RANDY WETMORE,                                  )
SHIRLEY HARMON,                                 )
and MARY DODSON RANDOLPH,                       )
                                                )
        Defendants.                             )


## MEMORANDUM AND ORDER

On April 16, 2009, this court issued a Memorandum and Order granting in part and

denying in part the Motion for Summary Judgment filed by the defendant City of Franklin,

Tennessee (the "City"). (Dockets Nos. 132 and 133.) This memorandum will presume

familiarity with that opinion, in which the court granted summary judgment for the defendant

with respect to the plaintiff's claim that he was deprived of a liberty interest in employment

without due process, while denying summary judgment for the defendant with respect to certain

other claims. The plaintiff has now filed a Motion for Relief from This Court's Dismissal of

Plaintiff's Liberty Interest Claim Based Upon Newly Discovered Evidence (Docket No. 136) to

which the defendant has responded (Docket No. 139).

## I.       Standard

Williams brings his motion pursuant to Rule 60(b) of the Federal Rules of Civil

Procedure, which provides:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

By its terms, Rule 60(b) only affords relief from a final judgment or order. As a general

matter, "any order or other decision . . . that adjudicates fewer than all the claims or the rights

and liabilities of fewer than all the parties does not end the action as to any of the claims or

parties and may be revised at any time before the entry of a judgment adjudicating all the claims

and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). As the court's previous ruling

granting in part and denying in part the City's motion for summary judgment did not adjudicate

all of the claims, it does not constitute a final order and, therefore, relief is not available pursuant

to Rule 60(b).

However, Rule 59(e) provides for motions to alter or amend a judgment, provided that such a motion is filed no later than ten days after the judgment at issue. Fed. R. Civ. P. 59(e). As Williams filed his motion within this requisite time period, his motion will be construed as a motion to alter or amend made pursuant to Rule 59(e). Such a motion may be granted where "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

## II.     Analysis

An individual has a liberty interest in his "reputation, good name, honor, and integrity," and the public disclosure of stigmatizing information that "so negatively affects his or her reputation that it effectively forecloses the opportunity to practice a chosen profession" may constitute a deprivation of that liberty interest in violation of due process. *Joelson v. U.S.*, 86 F.3d 1413, 1420 (6th Cir. 1996) (quoting *Chilingirian v. Boris*, 882 F.2d 200, 205 (6th Cir. 1989)); *see also Ludwig v. Bd. of Trustees*, 123 F.3d 404, 410 (6th Cir. 1997) ("An injury to a person's reputation, good name, honor, or integrity constitutes the deprivation of a liberty interest when the injury occurs in connection with an employee's termination."). Where an employee has such a liberty interest and has requested a "name-clearing hearing," the employee may not be deprived of that interest without being afforded notice and an opportunity to be heard and to refute the charges against him. *Ludwig*, 123 F.3d at 410. "It is the denial of the name-clearing hearing that causes the deprivation of the liberty interest without due process." *Quinn v. Shirey*, 293 F.3d 315, 320 (6th Cir. 2002); *see also Brown v. City of Niota*, 214 F.3d 718, 723

(6th Cir. 2000) ("Once a plaintiff has established the existence of [a liberty interest], he is entitled to a name-clearing hearing if he requests one.").

In ruling on the City's summary judgment motion, the court considered the nature of a January 24, 2008 hearing held by the City's Board of Mayor and Alderman and whether Williams had requested a name-clearing hearing prior to that hearing. The court weighed the City's arguments that, at the time of the January 24, 2008 hearing, it was unaware that Williams was asserting a liberty interest claim, that Williams had never requested a name-clearing hearing, and that the hearing "was in no way intended to be or thought to be a name-clearing hearing." After considering a number of communications between Williams and the City, the court agreed, concluding that the January 24, 2008 hearing had been a disciplinary hearing rather than a name-clearing hearing and that the evidence did not reflect that Williams had apprised the City that he sought to clear his name, as none of the communications addressed Williams' claimed liberty interest or explicitly requested an opportunity for him to clear his name. The court noted that, "[t]o establish that he requested a name-clearing hearing, at the very least, Williams must have apprised the City that he sought to clear his name."

Shortly after the court issued that ruling, the City produced to Williams, for the first time, a memorandum to file, dated January 15, 2008, that was authored by the Assistant City Attorney, Shauna Billingsley. That memorandum stated that Billingsley had advised a number of individuals, including the City Administrator, the Assistant City Administrator, the Human Resources Director, Williams' direct supervisor, and the Mayor that "allowing [Williams] an opportunity to present his case would be helpful to the city by (1) mitigating a claim for due process and (2) allowing for a name clearing hearing." (Docket No. 136 Ex. A.)

4

A number of inferences may reasonably be drawn from this memorandum. First, the memorandum calls into serious doubt the veracity of the City's assertion, in its summary judgment brief, that the January 24, 2008 hearing "was in no way intended to be or thought to be a name-clearing hearing." Additionally, it provides some evidence that the City had been apprised of Williams' desire to clear his name, contrary to the City's argument. While not conclusively establishing that Williams requested a name-clearing hearing, the memorandum establishes, at the very least, that a genuine issue of material fact exists as to this question. Likewise, the memorandum establishes that a genuine issue of material fact exists as to whether the January 24, 2008 hearing was solely a disciplinary hearing or, rather, was intended to serve a dual role as both a disciplinary hearing and a name-clearing hearing. Moreover, the evidence regarding the January 24, 2008 hearing outlined in the court's previous ruling—notably the fact that Williams was not afforded any opportunity to be heard at that hearing—establishes a genuine issue of fact as to whether that hearing was sufficient to afford Williams due process prior to the deprivation of his liberty interest.

## III.    Conclusion

Given the existence of this newly-discovered evidence (or newly-produced evidence, as the case may be), and to prevent manifest injustice, the plaintiff's motion is **GRANTED** and the court's April 16, 2009 ruling is altered such that summary judgment for the defendant with respect to the plaintiff's liberty interest claim is denied, and that claim is reinstated.

It is so Ordered.

Entered this 20th day of May 2009.

_____
ALETA A. TRAUGER
United States District Judge